[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN
The plaintiff, TDS Painting Restoration, Inc. (TDS Painting), has filed motion #257 to "open" the judgment that entered on January 4, 2000. By way of background, this case involves whether the contract between the plaintiff, a painting contractor, and the defendant, Copper Beech Farm, Inc. (Copper Beech), owner of premises located in Greenwich, was subject to the provisions of General Statutes § 20-418 et seq., the Home Improvement Act (HIA).
The case was referred to an attorney trial referee, who determined that the plaintiff was not a registered home improvement contractor, and that the contract with the defendant, Copper Beech, did not comply with the HIA. The referee, however, recommended that judgment enter in favor of the plaintiff, TDS Painting, because it furnished services to Copper Beech for a "commercial or business use" and hence the contract between the parties was not subject to the HIA. General Statutes §20-419(4)(C).[1]
CT Page 3906
This court rejected the referee's report in part and entered judgment for the defendant, Copper Beech, based on the plaintiffs failure to comply with the HIA. On appeal, the Appellate Court inTDS Painting Restoration, Inc. v. Copper Beech Farm. Inc.,45 Conn. App. 743, 751, 699 A.2d 173, cert. denied, 243 Conn. 908,701 A.2d 338 (1997), determined that "whether a particular property is commercial in nature for purposes of the `commercial exception' to the Home Improvement Act is a factual determination, and not a matter of law." Accordingly, the plaintiffs appeal was sustained and the case was remanded to this court "to render judgment consistent with the report of the attorney trial referee." Id., 755.
In a supplemental memorandum of decision dated November 24, 1998, this court entered judgment in favor of the plaintiff for $23,969.71, representing the balance due the plaintiff under the contract between the parties, and $83,910 for attorney's fees as recommended by the attorney trial referee. However, the referee had never completely finished his report regarding "costs of collection." The contract between the parties provided that the plaintiff was entitled to recover its costs incurred in connection with pursuing this action. The case was remanded to the attorney trial referee solely for the purpose of determining the costs of collection as of the date of his original report, February 7, 1995.
The referee held a hearing and wrote a report dated May 3, 1999, recommending that a supplemental judgment enter in favor of the plaintiff for $19,919.36, representing the costs of collection incurred by the plaintiff, as of February 7, 1995, the date of his original report which was the subject of the appeal to the Appellate Court. The plaintiff did not file with the referee a motion to correct the report of May 3, 1999, Practice Book § 19-12, or exceptions with this court, Practice Book § 19-13. It did file an objection to the report but "only insofar as the report refused to award the plaintiff costs for the period since February 7, 1995." The defendant submitted a motion to correct to the referee, and subsequently filed exceptions and objections with the court. The exceptions and objections to the May 3, 1999 report were rejected in this court's second supplemental memorandum of decision dated January 4, 2000, which accepted the referee's recommendation and entered a supplemental judgment for the plaintiff to recover $19,919.36 as its costs of collection. Adding that amount to the original CT Page 3907 judgment of $23,969.71, and $83,910 for attorney's fees, results in a judgment for the plaintiff in the total amount of $127,799.07, as recommended by the attorney trial referee.
On January 20, 2000, the plaintiff moved to open the judgment of January 4, 2000 for three reasons: (1) the underlying case involves a foreclosure of a mechanic's lien and "certain terms" relating thereto were missing in the judgment; (2) the plaintiff was entitled to damages "pursuant to the second and third counts" of its complaint; and (3) the plaintiff was entitled to "additional attorney's fees and interest."
As to the matter of the mechanic's lien, the plaintiff contends that this court never specified a law date for a foreclosure of such lien. Initially, there will never be a foreclosure of any kind because the debt is incomparably smaller than the value of the defendant's property situated on the waterfront in a prime location in Greenwich. Secondly, the procedure followed in this case is standard. This court, in reviewing a report of an attorney trial referee, fixes the amount of the debt and that is all. The plaintiff then claims the matter for the foreclosure short calendar where all the details of the foreclosure are determined, i.e., type of foreclosure, dates, value of the premises. In short, there was no need for this court to fix a law or sale date but only to enter judgment for a particular amount which occurred on November 24, 1998, and an additional $19,919.36 for costs of collection as set forth in the second supplemental memorandum of January 4, 2000.
Second, the plaintiff claims that it is entitled to $33,925 for "extras" as prayed for in the second and third counts of the complaint, unjust enrichment and quantum meruit, respectively. The problem with that argument is that the Appellate Court specified the amount of recoverable damages, TDS Painting Restoration. Inc. v. Copper Beech Farm, Inc., supra,45 Conn. App. 748 n. 3. "TDS claimed that it was owed $33,925 for the extra services performed outside the scope of the written contract. The referee's recommendation, excluding those extra services, was that TDS was entitled to recover under count one for the balance of its written agreements with Copper Beech in the total amount of $23,969.71." Id. In fact, the plaintiff petitioned the Appellate Court on August 1, 1997, seeking an additional $33,925 for extras and this claim was denied. This court is not authorized to ignore that ruling by the Appellate Court and award an additional amount to the plaintiff for costs of collection CT Page 3908 incurred after the referee's report of February 7, 1995.
Third, the plaintiff also seeks in its motion to open that this court award additional attorney's fees, costs of collection, and prejudgment interest pursuant to General Statutes § 37-3a. The Appellate Court directed that judgment enter in accordance with the referee's report. That report recommended an award to the plaintiff of $83,910 for attorney's fees and no prejudgment interest. This court does not have the authority on remand to direct the referee to calculate additional attorney's fees or costs of collection incurred by the plaintiff in taking an appeal to the Appellate Court. In other words, the Appellate Court did not direct that additional attorney's fees and costs of collection be awarded. The attorney trial referee specifically determined in his original report that prejudgment interest should not be awarded under the provisions of General Statutes § 37-3a. Whether to award such interest is exclusively within the province of the trier of fact, the referee in this case, and cannot be challenged. Foley v. Huntington Co., 42 Conn. App. 712,738, 682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397
(1996). Therefore, the motions by the plaintiff seeking additional attorney's fees (#254) and interest (#252) are denied.
In conclusion, the motion by the plaintiff to open the judgment of January 4, 2000, is denied. The judgment did not have to include the details of a foreclosure and this court was not authorized to add $33,925 to the judgment as that request was specifically denied by the Appellate Court. Finally, the request for additional post-report attorney's fees and costs of collection incurred during the appeal process is outside the scope of the remand by the Appellate Court.
The plaintiff is entitled to taxable costs to be fixed by the office of the Chief Clerk of this court in accordance with General Statutes § 52-257 and Practice Book § 18-5.
William B. Lewis, Judge